**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

ORIGINAL

| | |
|---|---|
| **CASE NO.:** CV 06-2356 SJO (RZx) | **DATE:** February 14, 2007 |
| **TITLE:** Peymon Mottahedeh, et al. v. United States, et al. | |

====================================================================

**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

| **COUNSEL PRESENT FOR PLAINTIFF(S):** | **COUNSEL PRESENT FOR DEFENDANT(S):** |
|---|---|
| Not Present | Not Present |

ENTERED
CLERK, U.S. DISTRICT COURT
FEB 16 2007
CENTRAL DISTRICT OF CALIFORNIA
BY MC DEPUTY

====================================================================

**PROCEEDINGS (in chambers):**

ORDER GRANTING RESPONDENTS' MOTION TO DISMISS FIRST AMENDED PETITION TO QUASH IRS SUMMONS AND COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES [DOCKET #6] WITHOUT PREJUDICE ONLY AS TO PETITIONERS' THIRD AND FOURTH CAUSES OF ACTION; DISMISSING PETITIONERS' FIRST AND SECOND CAUSES OF ACTION AGAINST RESPONDENT GOLDEN HOTELS WITH PREJUDICE; AND DISMISSING THIS ACTION.

The Court is in receipt of United States and Kirk Tambornini's ("Tambornini") (together, "Federal Respondents") Motion to Dismiss First Amended Petition to Quash IRS Summons and Complaint for Injunctive Relief, Declaratory Relief and Damages [DOCKET #6], which was filed on September 15, 2006. *Pro Se* Petitioners Peymon Mottahedeh, April Mottahedeh, and Freedom Law School ("Petitioners") filed an Opposition October 10, 2006,[1] to which Federal Respondents replied. After carefully reviewing the arguments raised in support of and against the Motion, the Court deemed this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons explained below, Federal Respondents' Motion is GRANTED without prejudice only as to Petitioners' Third and Fourth Causes of Action; Petitioners' First and Second Causes of Action against Respondent Golden Hotels Limited Partnership, d/b/a Atrium Hotel ("Golden Hotels") are DISMISSED with prejudice; and this action is DISMISSED.

On April 18, 2006, Petitioners brought this action against Federal Respondents and Respondent Golden Hotels. On August 17, 2006, Petitioners filed a First Amended Petition

---

[1] The deadline for Petitioners to file an opposition was October 2, 2006. *See* Local Rule 7-9. Pursuant to Local Rule 7-12, the Court may decline to consider an untimely Opposition and failure to timely file an Opposition may be deemed consent to the granting of the instant Motion. *See* Local Rule 7-12. However, in ruling on Federal Respondents' Motion, the Court exercises its discretion and considers Petitioners' Opposition on the merits.



**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 06-2356 SJO (RZx)</u> | **DATE:** <u>February 14, 2007</u> |

("FAP"), alleging the following: (1) First Cause of Action against Federal Respondents and Golden Hotels to quash an IRS summons, (2) Second Cause of Action against Federal Respondent Tambornini and Golden Hotels for injunctive relief, (3) Third Cause of Action against Federal Respondent Tambornini for declaratory relief; (4) Fourth Cause of Action against Federal Respondent Tambornini for damages relating to the summons, and (5) Fifth Cause of Action against Federal Respondent United States pursuant to the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). (FAP; Petitioners' Opp'n at 1.) In the instant Motion, Federal Respondents (1) move to dismiss Petitioners' First and Second Causes of Action against Federal Respondents based on mootness grounds; (2) move to dismiss all of Petitioners' causes of action against Federal Respondent Tambornini based on the doctrine of qualified immunity, or in the alternative, lack of personal jurisdiction; and (3) move to dismiss all of Petitioners' causes of action against Federal Respondent United States based on the doctrine of sovereign immunity.

In reference to Petitioners First and Second Causes of Action, Federal Respondents have established that the Department of the Treasury has withdrawn the IRS summons. (Federal Respondents' Mot. Ex. A.) Petitioners do not dispute that the Department of Treasury has withdrawn the IRS summons, and they do not oppose Federal Respondents' Motion to Dismiss Petitioners First and Second Causes of Action. (Petitioners' Opp'n at 2.) Because the IRS summons referenced in the FAP has been withdrawn, the Court determines that Petitioners' First and Second Causes of Action against Federal Respondents are moot. *See Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986) ("Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is present."). Accordingly, the Court GRANTS Federal Respondents' Motion to Dismiss Petitioners' First and Second Causes of Action with prejudice.

Because the Court dismisses Petitioners' First and Second Causes of Action against Federal Respondent Tambornini on mootness grounds, Petitioners' Third and Fourth Causes of Action are the only remaining causes of action against Tambornini. In the FAP, Petitioners indicate that they bring this suit against Tambornini in his individual capacity.[2] (FAP ¶ 6.) The nature of Petitioners' Third and Fourth Causes of Action is unclear, but the FAP appears to allege a *Bivens* action against Tambornini based on the First Amendment.[3] Federal Respondents move to dismiss Petitioners' Third and Fourth Causes of action Against Tambornini on the grounds that (1) Tambornini is "immune from suit because of qualified immunity," (Petitioners' Mot. 5-6), and (2) the Court lacks personal jurisdiction over Tambornini. (Petitioners' Mot. 6-7.) However, before

---

[2] Had Petitioners brought this action against Tambornini in his official capacity, Petitioners' causes of action would have been dismissed based on the doctrine of sovereign immunity. *See, Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) (recognizing that a suit against an IRS agent in his official capacity is essentially a suit against the United States and, absent express statutory consent to suit, dismissal is required).

[3] Both parties address Petitioners' Third and Fourth Causes of Action as if Petitioners are bringing a *Bivens* action against Federal Respondent Tambornini. (Petitioners' Opp'n at 3; Federal Respondents' Reply at 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

CASE NO.: **CV 06-2356 SJO (RZx)**      DATE: **February 14, 2007**

the Court can consider whether Tambornini is entitled to the defense of qualified immunity, the Court must first determine whether it has personal jurisdiction over Tambornini. In determining whether the Court has personal jurisdiction over Tambornini, the Court applies the normal rules for establishing personal jurisdiction, because Tambornini is being sued in his individual capacity. See *Gilbert v. DaGrossa,* 756 F.2d 1455, 1459 (9th Cir. 1985). The Ninth Circuit has consistently recognized that a "federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4 . . .. neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without 'substantial compliance with Rule 4.'" *Benny v. Pipes,* 799 F.2d 489, 492 (9th Cir. 1986) (citations omitted) (*amended on other grounds by, Benny v. Pipes,* 807 F.2d 1514 (9th Cir. 1987). In this case, Federal Respondents argue that the Court lacks personal jurisdiction over Tambornini because he has not been served with the FAP. Petitioners do not dispute that Tambornini has not been served in accordance with Federal Rule of Civil Procedure 4. Moreover, Petitioners do not provide a proof of service of the Summons and FAP on Tambornini. Rather, Petitioners contend that Tambornini has been served "since he has made an appearance through his attorney who has filed defendants' motion on his behalf." (Opp'n at 2.) The Court does not find this argument persuasive. It is established that only "a general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny,* 799 F.2d at 492; see also Fed. R. Civ. P. 12(h)(1). Because Tambornini disputes personal jurisdiction in the instant Motion, he has not voluntarily submitted himself to the jurisdiction of this Court. Absent any showing of proper service upon him, Petitioners' Third and Fourth Causes of Action against Trambornini must be dismissed without prejudice for lack of personal jurisdiction. See *Hutchinson v. United States,* 677 F.2d 1322, 1328. Accordingly, Federal Respondents' Motion to Dismiss Petitioners' Third and Fourth Causes of Action against Federal Respondent Tambornini is GRANTED without prejudice. See *id.*

Because the Court has dismissed Petitioners' First and Second Causes of Action against Federal Respondent United States on mootness grounds, Petitioners' Fifth Cause of Action is the only remaining cause of action against the United States. In the Motion, Federal Respondent United States pay scant attention to Petitioners' Fifth Cause of Action, relegating the discussion to a few sentences and simply contending that "5 U.S.C. § 552 contains specific provisions for its enforcement, none of which contemplate a proceeding in the context of quashing a summons." The Court does not find this argument persuasive. (Federal Respondents' Mot. 12.). However, federal courts are courts of limited jurisdiction, and they have a duty to determine whether there is subject matter jurisdiction in a particular case. See *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988), *overruled on other grounds, Partington v. Gedan,* 923 F.2d 686, 688 (9th Cir. 1991). Under FOIA, 5 U.S.C. 552(a)(4)(B), the Court has jurisdiction to "enjoin the agency from withholding records and to order the production of any agency records improperly withheld from the complainant." Title 5 of the United States Code Section 551(1) defines "agency" to mean "each authority of the government of the United States." Although Petitioners may bring a FOIA claim against the appropriate agency, it is clear based on the language of the statute that the United States is not a proper party. See *Nat'l Western Life Ins. Co., v. United States,* 512 F.

CASE NO.: <u>CV 06-2356 SJO (RZx)</u>          DATE: <u>February 14, 2007</u>

Supp. 454 (N.D. Tex. 1980). Accordingly, the Court dismisses Petitioners Fifth Cause of Action against the United States with prejudice.

For the reasons explained above, the Court GRANTS Federal Respondents' Motion to Dismiss Petitioners' First and Second Causes of Action against Federal Respondents with prejudice; GRANTS Federal Respondents' Motion to Dismiss Petitioners' Third and Fourth Causes of Action against Federal Respondent Tambornini without prejudice; and GRANTS Federal Respondents Motion to Dismiss Petitioners' Fifth Cause of Action against Federal Respondent United States with prejudice.

Respondent Golden Hotels is not a party to the Motion. In the FAP, Petitioners bring the First and Second Causes of Action against Golden Hotels. For the reasons stated above, the Court determines that the Petitioners' First and Second Causes of Action are moot. Accordingly, the Court DISMISSES Petitioners' First and Second Cause of Action against Respondent Golden Hotels with prejudice.

The Clerk shall close the file.

IT IS SO ORDERED.